UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| MARC S. GARDNER, | : | Case No. 02-43420 (ALG) |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JOHN S. PEREIRA, as Chapter 7 Trustee of the Estate of MARC S. GARDNER, | : | Adv. Pro. No. |
| Plaintiff, | : | **COMPLAINT** |
| vs. | : | |
| MARC S. GARDNER and SANDRA BOND GARDNER a/k/a SANDRA BOND a/k/a SANDRA E. GARDNER, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Plaintiff, John S. Pereira, as chapter 7 trustee (the "Trustee") of the estate of Marc S. Gardner (the "Debtor"), by and through his counsel, LeBoeuf, Lamb, Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges and represents as follows:

## NATURE OF ACTION

1. This is an adversary proceeding commenced pursuant to section 542(a) of the Bankruptcy Code and rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure, to compel turnover of property of the Debtor and an accounting of property of the Debtor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code") and the July 10, 1984 General Referral Order of the United States District Court for the Southern District of New York.

3. Venue of this proceeding in this Court is proper pursuant to Judicial Code section 1409(a).

4. Each claim for relief in this complaint is a core proceeding pursuant to Judicial Code sections 157(b)(2)(A), (E), and/or (O).

## PARTIES

5. On November 14, 2002 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On or about March 14, 2003, the Court entered an order converting this case from a case under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

6. By Notice of Appointment dated March 14, 2003, Trustee was appointed as the trustee of the Debtor's chapter 7 estate.

7. Upon information and belief, the Debtor, one of the defendants herein, is a natural person residing at 630 First Avenue, Apt. 22B, New York, New York.

-2-

8. The defendant Sandra Gardner ("Sandra") is a natural person residing at 1125 Sevilla Avenue, Coral Gables, Florida 33134. Defendant Sandra Gardner and defendant Marc Gardner shall be referred to hereinafter collectively as the "Defendants".

9. Upon information and belief, defendant Sandra Gardner also maintains a mailing address at PO Box 602, Sag Harbor, New York 11963.

10. Upon information and belief, defendant Sandra Gardner also maintains a residence at 50 Old Orchard Lane, East Hampton, New York 11937.

## BACKGROUND

11. The Debtor filed bankruptcy schedules with the Court dated December 19, 2002 (the "Bankruptcy Schedules").

12. On Schedule B Item 23 of the Bankruptcy Schedules, the Debtor lists, among other vehicles, that he owns a 2001 Volvo X Country (the "Automobile") with a current market value to the Debtor in the amount of $25,000.

13. The Automobile bears Vin Number YV1SZ58DX11020040 and is registered to and owned by the Debtor.

14. The Debtor has been examined pursuant to §341(a) of the Bankruptcy Code (the "341 Examinations").

15. The Debtor testified at the 341 Examinations that Sandra was in possession of the Automobile.

16. The Trustee has duly demanded the turnover of the Automobile and the Debtor has refused to do so.

### FIRST CLAIM FOR RELIEF

**Turnover of Property Under Bankruptcy Code Section 542**

17. The Trustee repeats and realleges paragraphs "1" through "16" as though fully set forth herein.

18. The Automobile constitutes property of the Debtor's estate.

19. The Defendants remain in possession, custody or control of the Automobile.

20. The Automobile is of consequential value and benefit to the Debtor's estate.

21. The Trustee is entitled to (a) turnover of the Automobile plus payment in an amount equal to the depreciation of its market value from the Filing Date through its turnover to the Trustee in payment for the use and the diminution of value of property of the estate or, in the alternative, (b) payment of the equivalent monetary value of the Automobile as of the Filing Date in an amount no less than $25,000.

### SECOND CLAIM FOR RELIEF

**Accounting of Property Under Bankruptcy Code Section 542**

22. The Trustee repeats and realleges paragraphs "1" through "16" as though fully set forth herein.

23. The Automobile constitutes property of the Debtor's estate.

24. The Defendants remain in possession, custody or control of the Automobile.

25. The Automobile is of consequential value and benefit to the Debtor's estate.

26. The Trustee is entitled to an accounting of the Automobile.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order:

A. Directing the Defendant to (a) turn over to the Trustee the Automobile and pay to the Trustee an amount equal to the depreciation of its market value from the Filing Date through its turnover to the Trustee or, in the alternative, (b) pay to the Trustee the equivalent monetary value of the Automobile as of the Filing Date in an amount no less than $25,000;

B. Directing the Defendants to provide the Trustee with an accounting of the Automobile; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 24, 2004

               LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.

               By: /s/ Mark R. Bernstein
                   John P. Campo (JC-5241)
                   Mark R. Bernstein (MB-9102)
               125 West 55th Street
               New York, New York 10019-5389

               Counsel to John S. Pereira, as Trustee for Marc S. Gardner

*NYC 478719*